## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **DONNA P.,**[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 21-cv-03769** |
| **v.** | ) | |
| | ) | **Honorable Beth W. Jantz** |
| **MARTIN J. O'MALLEY,** | ) | |
| **Acting Commissioner of Social Security,**[2] | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the

Commissioner of Social Security denying Plaintiff's, Donna P.'s, application for Disability

Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States

Magistrate Judge pursuant to 28 U.S.C. §636(c). For the reasons that follow, Plaintiff's request

to reverse the Commissioner's final decision [dkt. 1, Compl.; dkt. 18, Pl.'s Memo.; dkt 27, Pl.'s

Reply] is granted, and the Commissioner's Motion for Summary Judgment [dkt. 25, Def.'s Mot.;

dkt. 26, Def.'s Memo.] is denied.  The Commissioner's decision is reversed, and this matter is

remanded for further proceedings consistent with this Memorandum Opinion and Order.

---

[1]  In accordance with Internal Operating Procedure 22, Privacy in Social Security Opinions, the
Court refers to Plaintiff by her first name and the first initial of her last name.
[2]  Pursuant to Federal Rule of Civil Procedure 25(d), Martin J. O'Malley has been substituted for
his predecessor.

**BACKGROUND**

I.      **Procedural History**

On July 24, 2019, Plaintiff filed a claim for DIB, alleging disability since April 25, 2019,

due to irritable bowel syndrome ("IBS"), gastroesophageal reflux disease, Barrett's esophagus,

hiatal hernia, anxiety, and depression. R. 69-76, 142-55. Plaintiff's claim was denied initially on

November 13, 2019, and again upon reconsideration on April 10, 2020. R. 69-91. A hearing

before an Administrative Law Judge ("ALJ") was held on October 27, 2020. R. 36-68. Plaintiff

personally appeared and testified at the hearing and was represented by counsel. *Id.* Vocational

expert ("VE") Marne B. South, Ph.D. also testified. *Id.* On November 13, 2020, the ALJ denied

Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. R. 12-35.

On May 17, 2021, the Social Security Administration Appeals Council (the "Appeals Council")

denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the

Commissioner. R. 1-6.

II.     **The ALJ's Decision**

The ALJ analyzed Plaintiff's claim in accordance with the Social Security

Administration's five-step sequential evaluation process. R. 12-35. The ALJ found at step one

that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of April

25, 2019. R. 17. At step two, the ALJ concluded that Plaintiff had the following severe

impairments: anxiety, depression, IBS, and degenerative joint disease. R. 17. The ALJ concluded

at step three that her impairments, alone or in combination, did not meet or medically equal one

of the Social Security Administration's listings of impairments. R. 18-20. Before step four, the

ALJ determined that Plaintiff retained a residual functional capacity ("RFC") capacity: to lift

and/or carry up to fifty pounds occasionally and twenty-five pounds frequently; with no

2

limitations in her total ability to sit, stand or walk throughout an eight-hour workday; with a need to alternate her position between sitting, standing, and walking for no more than five minutes out of every hour, but would not be off-task during this time; to occasionally climb ramps and stairs, stoop, kneel, balance, crouch and crawl; to never climb ladders, ropes or scaffolds; limited to working in non-hazardous environments; that should avoid concentrated exposure to unguarded hazardous machinery; limited to simple, routine tasks, work involving no more than simple decision-making, no more than occasional and minor changes in the work setting, and work requiring the exercise of only simple judgment; that should not perform work that requires multitasking; to perform work requiring an average production pace, but is incapable of significantly above average or highly variable production pace work; so that she should not perform work which requires significant self-direction; so that she is precluded from work involving direct public service, in person or over the phone; to tolerate brief and superficial interaction with the public, which is incidental to her primary job duties; so that she should not work in crowded, hectic environments; to tolerate brief and superficial interaction with co-workers and supervisors; and, to not perform teamwork or tandem tasks. R. 20-27. At step four, the ALJ concluded that Plaintiff would be incapable of performing her past relevant work. R. 27. At step five, the ALJ concluded that jobs exist in significant numbers in the national economy that Plaintiff could perform, considering her age, education, work experience and RFC. R. 28-30. This led to the ALJ finding that Plaintiff was not disabled under the Social Security Act. R. 30.

## DISCUSSION

### I.    Judicial Review

Under the Social Security Act, a person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental

3

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine disability within the meaning of the Social Security Act, the ALJ conducts a five-step inquiry, asking whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the RFC to perform her past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy. 20 C.F.R. § 416.920(a). "A finding of disability requires an affirmative answer at either step three or step five." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005). "The claimant bears the burden of proof at steps one through four, after which at step five the burden shifts to the Commissioner." *Id.*

Because the Appeals Council denied review, the ALJ's decision became the final decision of the Commissioner and is reviewable by this Court. 42 U.S.C. § 405(g); *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017). Judicial review of the ALJ's decision is limited to determining whether it adequately discusses the issues and is based upon substantial evidence and the proper legal criteria. *Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation omitted). "To determine whether substantial evidence exists, the court reviews the record as a whole but does not attempt to substitute its judgment for the ALJ's by reweighing the evidence, resolving material conflicts, or reconsidering facts or the credibility of witnesses." *Beardsley v. Colvin*, 758 F.3d 834, 836-37 (7th Cir. 2014). While this review is deferential, "it is not intended

4

to be a rubber-stamp" on the ALJ's decision. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018). The Court will reverse the ALJ's finding "if it is not supported by substantial evidence or if it is the result of an error of law." *Id.* at 327.

The ALJ has a basic obligation both to develop a full and fair record and to "build an accurate and logical bridge between the evidence and the result [so as] to afford the claimant meaningful judicial review of the administrative findings." *Beardsley*, 758 F.3d at 837; *see also Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022). Although the ALJ is not required to mention every piece of evidence in the record, the ALJ's analysis "must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001); *accord Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). The ALJ "must explain [the ALJ's] analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Scrogham v. Colvin*, 765 F.3d 685, 695 (7th Cir. 2014) (quoting *Briscoe*, 425 F.3d at 351). Thus, even if reasonable minds could differ as to whether the claimant is disabled, courts will affirm a decision if the ALJ's opinion is adequately explained and supported by substantial evidence. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

## II. The ALJ erred by failing to articulate the persuasiveness he assigned to Dr. James Gioia, PsyD's opinion.

On October 3, 2019, Dr. Gioia, a licensed clinical psychologist, examined Plaintiff and completed a psychological report for the Social Security Administration. R. 351-55. This report was entered into the case record. *Id.* Neither party disputes that Dr. Gioia's report is considered a medical opinion under the Social Security Administration's regulations. [Dkt. 18; dkt. 26; dkt. 27]. As Plaintiff's claim was filed after March 17, 2017, the evaluation of medical opinions is governed by 20 C.F.R. §404.1520c. This regulation states in part:

"[The Social Security Administration] *will* articulate in our determination or decision how persuasive we find *all* of the medical opinions and *all* of the prior administrative medical findings in your case record." 20 C.F.R. § 404.1520c(b) (emphasis added).

The ALJ was thus required to articulate the persuasiveness he assigned to all of the medical opinions in Plaintiff's record, including Dr. Gioia's opinion. 20 C.F.R. § 404.1520c(b); *Michael T. v. Kijakazi*, No. 22 C 2883, 2023 WL 7281819, at *3 (N.D. Ill. Nov. 3, 2023). The regulations further directed the ALJ to consider the persuasiveness using several listed factors. 20 C.F.R. §404.1520c(a), (c); *Michael T.*, 2023 WL 7281819, at *3. The ALJ did not need to explain how he considered *all* of the listed factors, but was required to explain how he considered the factors of at least supportability and consistency. 20 C.F.R. §404.1520c(b)(2); *Amy T. v. Kijakazi*, No. 22 C 4391, 2023 WL 7386081, at *7 (N.D. Ill. Nov. 8, 2023).

Here, the Court cannot be sure that the ALJ's decision was supported by substantial evidence because he failed to articulate how persuasive he found Dr. Gioia's opinion and failed to explain how he considered the factors of supportability and consistency. Defendant is correct that the ALJ needed only to "minimally articulate his…justification for rejecting or accepting specific evidence of a disability." *Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir. 2004); [dkt. 26 at 16]. But the ALJ did not articulate *at all* his justification for rejecting or accepting Dr. Gioia's opinion – he did not even say whether he rejected or accepted it.

Further, the minimal articulation standard does not absolve the ALJ from following the regulation. The ALJ was still required to articulate how persuasive he found Dr. Gioia's opinion and explain how he considered at least the factors of supportability and consistency. He did not do this, and instead he only acknowledged and summarized the opinion in his discussion of the "paragraph B" criteria and Plaintiff's RFC. R. 19-20, 23. The Court can only guess that the ALJ

6

did not find Dr. Gioia's opinion persuasive, at least not in its entirety, because not all of the limitations opined to by Dr. Gioia were included in Plaintiff's RFC.[3]  But even if the Court assumed that the ALJ did not find the opinion persuasive, the Court does not know why from the ALJ's opinion. The ALJ's limited acknowledgment and summary of the opinion were therefore not enough to build an accurate and logical bridge between the evidence and his decision not to include all of Dr. Gioia's limitations in Plaintiff's RFC. *See Julius A. H. v. Kijakazi*, No. 21 C 4216, 2023 WL 8527273, at *5 (N.D. Ill. Dec. 8, 2023) (finding no "logical bridge" where the ALJ failed to adequately discuss why he found a medical opinion unpersuasive).

Defendant argues that the ALJ did not actually make an error because a reviewing expert psychologist, Dr. David Voss, Ph.D., considered Dr. Gioia's report in making his own evaluation. [Dkt. 26 at 17-18]; R. 84-89. The Court is not persuaded by this argument. The regulations are explicit on what the ALJ needed to do, and he failed to do it. Further, the ALJ also failed to discuss Dr. Voss's evaluation in any depth. R. 26-27. He only noted that he found it to be "generally persuasive," but did not discuss its supportability or consistency. R. 27. That the ALJ briefly discussed Dr. Voss's opinion gives the Court no insight into the ALJ's consideration of Dr. Gioia's opinion.

The Court is also unpersuaded by Defendant's argument that Dr. Gioia's opinion was unsupported and inconsistent. [Dkt. 26 at 18]. While this may be true, the ALJ did not articulate this in his decision and such *ad hoc* reasoning from Defendant is not allowed. *See Harris v. Barnhart*, No. 03 C 3185, 2005 WL 1655202, at *9 (N.D. Ill. Apr. 26, 2005) ("[A]d hoc reasoning is not sufficient or permitted. Our precedent makes clear that the ALJ must specify the reasons for

---

[3] Notably, Dr. Gioia stated that "[Plaintiff] does not appear to be capable of sustained concentration and persistence." R. 355. A limitation to this effect was not included in the RFC. R. 20-27.

his finding so that the applicant and subsequent reviewers will have a fair sense of the weight given to the applicant's testimony.") It is not for the Court to weigh Dr. Gioia's opinion or to consider his credibility. *See id.*; *Beardsley*, 758 F.3d at 836-37 ("To determine whether substantial evidence exists, the court reviews the record as a whole but does not attempt to substitute its judgment for the ALJ's by reweighing the evidence, resolving material conflicts, or reconsidering facts or the credibility of witnesses.").

A failure to apply the correct legal standard, as was the case here, normally requires remand. *Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021) (citation omitted). But as Defendant points out, such a failure is not automatically reversible error. *Id.* (citation omitted); [Dkt. 26 at 18-19]. If the Court is convinced that the ALJ would reach the same result on remand, the error is harmless, and remand is not required. In determining whether an error is harmless, the Court looks to see whether it can predict with great confidence what the result on remand would be. *Karr*, 989 F.3d at 513 (citation omitted).

Here, the ALJ's failure to adequately evaluate Dr. Gioia's opinion was not a harmless error. Dr. Gioia opined that Plaintiff was "not capable of sustained concentration and persistence." R. 355. This is a greater limitation than what was included in Plaintiff's RFC, which noted that she could perform work requiring an average production pace, and in the hypotheticals posed to the VE. R. 20-21, 61-68. The VE testified that the maximum off-task rate that most employers will tolerate is ten percent of an eight-hour workday. R. 66. Had the ALJ found Dr. Gioia's opinion to be persuasive, he might have further limited Plaintiff's RFC and the hypotheticals posed to the VE. It is conceivable that if he did, Plaintiff may have been found to be off-task more than ten percent of an eight-hour workday, and the VE may have found that this precluded Plaintiff from employment. Therefore, the Court cannot predict with great confidence what the result on remand

8

would be and the ALJ's failure to follow the regulations was not harmless error. *See Karr*, 989 F.3d at 513. Because the ALJ's failure to articulate the persuasiveness of Dr. Gioia's opinion requires remand, the Court will not address Plaintiff's other arguments.

## CONCLUSION

For the foregoing reasons, Plaintiff's request to reverse the Commissioner's final decision [dkt. 1, Compl.; dkt. 18, Pl.'s Memo.; dkt 27, Pl.'s Reply] is granted, and the Commissioner's Motion for Summary Judgment [dkt. 25, Def.'s Mot.; dkt. 26, Def.'s Memo.] is denied.  The Commissioner's decision is reversed, and this matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**

Date:  January 31, 2024

_____
BETH W. JANTZ
United States Magistrate Judge

9